IN THE UNITED STATES DISTRICT COURT FOR SOUTHERN MISSISSIPPI

M. DESEAN BRITTON
TERRICOUS CASSEY; TIMOTHY GRAHAM
RICKIE L. WALLS; MARCUS HOLLINS → PLAINTIFFS
BERNARD MATHIS; STEVEN MAYO
JASON LONDERCE
DUSTIN GLOVER
AITAR JONES

VS

COMPLAINT
Civil Action No. 1:17cv96RHW

PELICIA HALL
JACQULYN BANKS
MARSHALL TURNER
ANDREW MILLS
DEPUTY WARDEN BARNES → DEFENDANTS
Lt. Z. HOLCOMBE
Lt. HENDERSON
C/O PEABODY
C/O WALKER

SOUTHERN DISTRICT OF MISSISSIPPI
FILED
APR 03 2017
ARTHUR JOHNSTON
BY _____ DEPUTY

## I. JURISDICTION & VENUE

1.   This is a civil action authorized by 42 U.S.C Section 1983 to redress the deprivation, under color of state law, of rights secured by the Constitution of the United States. The court has jurisdiction under U.S.C. Section 1331 and 1343 (a)(3). Plaintiffs are filing also pursuant to Rule 23 of the Federal Rules of Civil

Procedures. Plaintiffs seek declaratory relief pursuant to 28 U.S.C 2201 and 2202. Plaintiffs claim for injunctive relief are authorized by 28 U.S.C. Section 2283 & 2284 and Rule 65 of the Federal Rules of Civil Procedures.

2. The Southern District of Mississippi is an appropriate venue under 28 U.S.C. Section 1391 (b)(2) because it is where the events giving rise to this claim occurred.

## II. PLAINTIFFS

3. Plaintiff, M DeSean Britton, is and was at all times mentioned herein a prisoner of the State of Mississippi in the custody of the Missisippi Department of Corrections. He is currently confined in Southern Mississippi Correctional Institute in Leakesville, Mississippi. He and all the other plaintiffs are located in Area 3 Czone.

The other plaintiffs in this suit are as followed:

1) Terricous Cassey # 185296
2) Rickie L. Walls # W0902
3) Bernard Mathis # 72950
4) Jason Londerce # ~~1588~~ 15885
5) Dustin Glover # 181655
6) Aituar Jones # 106366
7) Timothy Graham # M0613
8) Marcus Hollins # 84117
9) Steven Mayo # 102496

pg. 2

## III. DEFENDANTS

4) Defendant, Pelica Hall, is the Commissioner of the state of Mississippi Department of Corrections. She is legally responsible for the overall operation of the Department and each institution under its jurisdiction, including Southern Mississippi Correctional Institute.

5) Defendant, Jacqulyn Banks, is the Superintendant for Southern Mississippi Correctional Institute. She is responsible legally for the overall operations of the facility.

6) Defendant, Andrew Mills is the Warden of Southern Mississippi Correctional Institute. He is legally responsible for the operation of Area 3 at Southern Mississippi Correctional Institute and for the welfare of all the inmates in that prison (Area 3).

7) Defendant, Deputy Warden Barnes is as title at Southern Mississippi Correctional Institute. He is legally responsible for the operation of Area 3 at Southern Mississippi Correctional Institute and for the welfare of all the inmates in Area 3.

8) Defendant, Lt. Z. Holcombe and Lt. Henderson are supervising officers at Southern Mississippi Correctional Institute. Both woman are responsible for daily supervision of correctional officers in Area 3, and also responsible for welfare of all inmates in Area 3 at Southern Mississippi Correctional Institute.

9) Defendants Peabody and Walker are Correctional Officers of the Mississippi Department of Corrections who, at all times mentioned in this complaint, held the rank of correctional officer and were assigned to Area 3 at Southern Mississippi Correctional Institute.

10) Each defendant is sued individually and in his or her official capacity. At all times mentioned in this complaint each defendant acted under the color of state law.

## IV. FACTS

11) Between the dates of November 27th and November 31st, 2016 all the plaintiffs were moved or assigned to housing in Area 3, C zone at Southern Mississippi Correctional Institute.

12) During the first week of December 2016, we were all place on "lockdown" for the actions of other offenders that were housed in Area 3 prior to our arrival to C zone. The reason given by staff was because they found contraband in other zones on the compound (Area 3). This would amount to group punishment thus violation our Eight Amendment right to be free or cruel and unusual punishment. This commonly used practice at S.M.C.I is even illegal according to the Mississippi Department of Corrections

13. From January 23rd, 2017 to this previous day (March 26th, 2017) C zone was again placed on "lockdown" for contraband found in the zone. The contraband was found in a wall and in the

pg. 4

restrooms. The K-9 unit issued RVR's to the ones that were caught but the whole zone has been on "lockdown" for 60 plus days for the actions of a few. Please take into consideration that the zone is occupied by 100 offenders. We are again being denied several constitutional rights besides just the group punishment. The other violations of our constitutional rights includes the following:

A. First Amendment Rights to send letter by mail as we have only been allowed to make canteen once during the (9) nine week ongoing "lockdown".

B. Our right to talk to friends and family on the phone gets some protection under the First Amendment

C. Denying our visits or restricting our visits violates our right to freedom of association under the First Amendment, our right to be free from cruel and unusual punishment under the Eight Amendment and our right to substantive due process under the Fifth and Fourteenth Amendment.

D. We are also being denied our rights to religious activity is through the Free Exercise Clause Clause of the First Amendment. We have a fundamental right to practice our religion.

E. We are also being denied our Fourteenth Amendment right that guarantees everyone "equal protection of the law" as the offenders in C zone, Area 3 are punished longer than any other zone on the compound of SMCI for the same offenses if done in S.M.C.I (Area 1 or Area 2).

F. Our Eighth Amendment's prohibits cruel and unusual punishment also protects our right to safe and humane conditions in prison. We assert that our safety is a concern as there are (400) four hundred offenders in S.M.C.I Area 3 and on a daily basis you only have 3 or 4 officers working Area 3.

G. Also under the Eighth Amendment we cite that our rights to sanitation and hygiene are frequently ignored by the administration.

H. The plaintiffs are also being denied the opportunity to exercise outside of their cell again violating our Eighth Amendment right. As stated before C zone arrived in Area 3 on November 27th, 2016 and have been to yard call only twice due to illegal lockdowns and shortage of staff.

I. We allow assert that zones sanitation is not agreeable to the number of men in the zone as it only has 3 three working toilets for 100 offenders. Also the showers are filled with stagnated water as the drainage is back up always again violating our eight amendment right.

J. Lastly, plaintiff Britton asserts that retaliation is a concern at S.M.C.I as it has been practice frequently. Britton has been put in one such situation since his housing assignment to S.M.C.I on August 23rd, 2016. See Exhibit "A"

14) You can refer to documents, affidavits and other materials that are attached at back of complaint.

## V. EXHAUSTION OF LEGAL REMEDIES

15.) Plaintiff M. DeSean Britton used the prison grievance procedures available at Southern Mississippi Correctional Institute to try and solve the problem. On October 19, 2016 plaintiff Britton presented facts relating to this complaint. On 10/28/2016 plaintiff Britton was sent a response saying the the grievance had been denied. M. DeSean Britton has also addressed the issue all the way to the Commissioners office, the Superintendant, Warden and Luitentants name see Exhibits "B", C, D, E and F, G

## VI. LEGAL CLAIMS

16) Plaintiff reallege and incorporates by reference paragraph 1-15.

pg. 7

17) The various fore-mention conditions violated plaintiff M. DeSean Button, et al rights and constituted cruel and unusual punishment, a due process violations, denial of rights under the First (1st) Amendment, Eight 8th Amendment and Fifth (5th) Amendment to the United States Constitution.

18) The plaintiff's has no plain, adequate or complete remedy at law to redress the wrongs described herein. Plaintiff has been and will continue to be irreparably injured by the conduct of the defendants unless the court grants the declaratory and injunctive relief which plaintiff seeks.

## VII. PRAYER FOR RELIEF

WHEREFORE, plaintiff respectfully prays that this court enter judgement granting plaintiff's:

19) A declaration that the acts and omissions described herein violated plaintiff's rights under the Constition and laws of the United States.

20) A preliminary and permanent injuction ordering defendants Pelicia Hall, et.al to stop allowing illegal group punishment towards plaintiffs, add more staff, and stop denying plaintiffs their rights protected by the Constition of the United States of America.

21) Compensatory damages in the amount of $ 1500.00 against each defendant, jointly and severally.

22.) Punitive damages in the amount of $ 1500.00 against each defendant.

23) A jury trial on all issues triable by jury.

24) Plaintiff's cost in this suit.

25) Any additional relief this court deems just, proper and equitable.

Dated: M. DeJean Britton
Respectfully submitted

## VERIFICATION

I have read the foregoing complaint and hearby verify that the matters alleged therein are true, except as to matters alleged on information and belief, and, as to those, I believe them to be true. I certify under penalty of perjury that the foregoing is true and correct.

Executed at Leakesville, MS on March 27, 2017.

M. DeJean Britton