UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

M. DESEAN BRITTON, #167394                                    PLAINTIFF

v.                                          CAUSE NO. 1:17-cv-96-LG-RHW

PELICIA HALL, et al.                                         DEFENDANTS

## ORDER DENYING CLASS ACTION REQUEST

This cause is before the Court, sua sponte, for screening. *See* 28 U.S.C. § 1915(e)(2) and § 1915A. Plaintiff alleges that the conditions of confinement at the South Mississippi Correctional Institution violate the constitutional rights of the inmates.[1] Compl. [1] at 1-9 (CM/ECF Pagination). Plaintiff states that he filed this civil action pursuant to 42 U.S.C. § 1983 and is pursuing a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure. *Id.* at 1-2 (CM/ECF Pagination). The Court liberally construes Plaintiff's Complaint as asserting a class action on behalf of Plaintiff and nine other inmates.

Plaintiff and the other inmates referred to in the Complaint are inmates at the South Mississippi Correctional Institution, Leakesville, Mississippi, and are housed in Area 3, C Zone. Compl. [1] at 4 (CM/ECF Pagination). Because of being in lock-down from January 23, 2017, to March 26, 2017, Plaintiff and the other class action plaintiffs claim that they were denied the First Amendment right

---

[1]Even though there are nine other inmates listed as plaintiffs, Plaintiff Britton is the only inmate who signed the Complaint, *see id.* at 9, and therefore is the only named Plaintiff in this civil action.

to talk to friends and family on the phone, denied the right to religious activity, denied the right of equal protection, subjected to unsanitary conditions, denied the opportunity to exercise outside of their cell, and subjected to retaliation. *Id.* at 4-7 (CM/ECF Pagination).

Having considered the Complaint, the Court finds that Plaintiff's attempt to institute a class action should be denied. Additionally, the Court finds that if the other inmates wish to pursue a Complaint relating to the conditions of confinement at South Mississippi Correctional Institution, Leakesville, Mississippi, each inmate must file a separate complaint.

I.   Class Action

"[T]he class action device exists primarily, if not solely, to achieve a measure of judicial economy, which benefits the parties as well as the entire judicial system. It preserves the resources of both the courts and the parties by permitting issues affecting all class members to be litigated in an efficient, expedited, and manageable fashion." *Allison v. Citgo Petroleum Corp.*, 151 F.3d 402, 410 (5th Cir. 1998). To obtain class certification under Rule 23(a) of the Federal Rules of Civil Procedure, Plaintiff must satisfy the following requirements: "(1) numerosity (a 'class [so large] that joinder of all members is impracticable'); (2) commonality ('questions of law or fact common to the class'); (3) typicality (named parties' claims or defenses 'are typical ... of the class'); and (4) adequacy of representation (representatives 'will fairly and adequately protect the interests of the class')."

*Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 613 (1997) (quoting Fed. R. Civ. P. 23(a)). Additionally, Plaintiff must show that the action is maintainable pursuant to Rule 23(b)(1), (2) or (3). *Id.* at 614.

Even though Plaintiff's allegations, liberally construed, assert questions of law that are common to all inmates at the South Mississippi Correctional Institution, Leakesville, Mississippi, he has not demonstrated that the remaining requirements for class certification are met. Therefore, the denial of class certification is appropriate. *See Berger v. Compaq Computer Corp.*, 257 F.3d 475, 479 n.4 (5th Cir. 2001) (citations omitted) (stating that Plaintiff has the burden of proof to establish that all four requirements of Fed. R. Civ. P. 23(a) are satisfied). Having reviewed the Complaint, the Court finds that it fails to meet the requirements of Federal Rule of Civil Procedure 23(a). As a result, this civil action will not be treated as a class action.

II.   Separate Complaints

The enactment of the "Prison Litigation Reform Act of 1995" (PLRA) militates against multi-plaintiff prisoner complaints. The reasons for this include that prisoner plaintiffs proceeding *in forma pauperis* ("IFP") are required to pay the full amount of the filing fee and costs. 28 U.S.C. §§ 1915(b)(1) and (f)(2)(A). Prisoner plaintiffs who have on three or more prior occasions, brought frivolous or malicious complaints or complaints which failed to state a claim may not proceed IFP. 28 U.S.C. § 1915(g). Additionally, multi-prisoner plaintiff complaints present a

3

variety of administrative and logistical problems not associated with other civil actions. *See Beaird v. Lappin*, No. 3:06-cv-967, 2006 WL 2051034, *4 (N.D. Tex. July 24, 2006) (citations omitted) (noting impracticalities to include possible transfers of some plaintiffs, security, the need for each plaintiff to sign his own pleading and represent himself, the possibility of changes to documents during circulation among the plaintiffs, the possibility of coercion by other prisoners, and issues raised by the inmates' desire to meet within the prison to discuss joint litigation).

Moreover, "like all persons who claim a deprivation of constitutional rights," each plaintiff is "required to prove some violation of [his] personal rights." *Coon v. Ledbetter*, 780 F.2d 1158, 1160-61 (5th Cir. 1986) (citations omitted). Commingling the various claims of multiple plaintiffs makes it difficult for the court to discern how the alleged constitutional violation affected each plaintiff. Meritorious claims may be obscured by the frivolous.

With these concerns in mind, and with the objective of achieving judicial economy and maintaining efficient control of its docket, the Court finds that if the other inmates wish to pursue a civil action concerning the conditions of confinement in the South Mississippi Correctional Institution, Leakesville, Mississippi, they may do so by filing a separate individual Complaint.[2] Accordingly, it is

---

[2]An inmate who wishes to pursue a Complaint concerning the conditions of confinement at the South Mississippi Correctional Institution, Leakesville, Mississippi, may contact the Clerk, 2012 15th Street, Suite 403, Gulfport, Mississippi 39501, and request forms to file such an action.

ORDERED that to the extent Plaintiff is seeking certification of a class action pursuant to Federal Rule of Civil Procedure 23, the request is denied. This case will proceed only as to the claims of Plaintiff Britton.

**SO ORDERED AND ADJUDGED** this the 27th day of July, 2017.

*s/ Louis Guirola, Jr.*
Louis Guirola, Jr.
Chief U.S. District Judge